IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:16-cr-373-M (26) |
| | § | |
| CEDRIC DEON GARLAND, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

In the Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated March 8, 2018, Chief Judge Barbara M. G. Lynn has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Cedric Deon Garland should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Cedric Deon Garland is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 786.

**Background**

Defendant is set for sentencing before Chief Judge Lynn on June 29, 2018. *See* Dkt. No. 736. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion for Continued Pretrial Release in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 821.

The Court held a hearing on March 29, 2018 on the matters referred by Chief Judge Lynn, at which Defendant appeared in person and through counsel and the government's counsel appeared. *See* Dkt. No. 839.

**Legal Standards and Analysis**

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 846. *See* Dkt. Nos. 687, 688, 730, 731, & 786. That is "an offense

in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the

defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 731], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if

continued on release. As Defendant explains in his motion.

> At the November 6, 2017 detention hearing, the Court made an oral finding that they believed there were conditions the court could impose that would ensure the defendant was neither a flight risk or a danger to the community. As a result, the defendant was placed on conditions of pretrial release and has successfully fulfilled those conditions. Therefore, the defendant believes his actions over the last several months have provided the court the "clear and convincing evidence" needed to satisfy § 3143. While the flight risk and danger to the community element is essential to the analysis, it is not the controlling issue the Court needs to address.

Dkt. No. 821 at 2-3.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendants explains that,

> [a]s the Court is aware from the detention hearing in this matter, the defendant was arrested for a state drug offense on October 14, 2016, which is also an overt act in the conspiracy the defendant pled to in count one. The defendant remained in the custody of the Tarrant County Jail until he entered a plea bargain with the Tarrant County District Attorney's Office. On February 21, 2017, the defendant was placed on five years of deferred adjudication probation. As part of his probation, the defendant was ordered to attend SAFPF to complete in-patient substance abuse treatment. *See* Attachment A (Order of Deferred Adjudication).
>     The mission statement of SAFPF's substance abuse treatment program is to:
>> provide evidence-based substance abuse treatment services appropriate to the needs of individual offenders to facilitate positive change; and to provide accountability for programing utilizing assessment tools developed specifically for this population, all of which leads to reducing recidivism and improving public safety.
>
> Rehabilitation Programs Division, Substance Abuse Treatment Program, http://www.tdcj.texas.gov/divisions/rpd/substance_abuse.html. (last accessed March 18, 2018). The program is broken up into three different

phases. Phase one is when the defendant is actually at the in-patient substance abuse facility, which is housed in a Texas Department of Criminal Justice Unit. This initial phase is six to nine months long, depending on the needs of the defendant. Once phase one is completed, the defendant is placed in a residential transitional treatment center (i.e. "half-way" house). During phase two, the defendant spends the next three months continuing to focus on their treatment as well as working to make a successful transition back into the community by finding employment, peer support and family reintegration. During the last phase, phase three, the defendant completes outpatient treatment and attends multiple support groups each week for nine to 12 months.

The defendant was arrested in this case while attending a group session at the Salvation Army during phase two of his treatment. He had just recently been transferred to this half-way house facility when agents arrived. Following the detention hearing, the defendant was permitted to go back to the Salvation Army to continue this portion of phase two and was ultimately discharged on or about December 23, 2018. The defendant is now in phase three of his treatment and is doing extremely well. He attends sessions every week at the Community Health Core. In addition, he attends at least three AA/NA meetings each week, has found steady employment, and has successfully removed himself from the environment that led to his drug addiction.

District courts throughout the Fifth Circuit have issued opinions discussing a variety of circumstances that do not rise to the level of "exceptional." However, counsel has been unable to find any that are directly on point with the defendant's situation. In *United States v. MacIntyre*, this Court found that MacIntyre's age and health issues were exceptional reasons to justify his release pending sentencing. Case No. 3:14-CR-189-L, Doc. No. 80 (N.D. Tex. Sept. 19, 2014). *MacIntyre* is somewhat analogous to the defendant's case where when finding exceptional reasons existed, the Court reasoned that MacIntyre was "vulnerable to becoming very sick if required to spend significant time in a detention facility as opposed to being in a Bureau of Prisons facility." *Id.* at 7. In the present case, the State of Texas has spent thousands of dollars to treat the defendant's substance abuse addiction. He is currently in the middle of phase three of this program. The detention centers utilized by the government do not have the resources/programs that would allow the defendant to complete his treatment. By failing to complete the aftercare program, the defendant would be placed at a higher risk of relapse and recidivism; thereby, wasting all of the time and expense the State of Texas has devoted to rehabilitating him.

The defendant's case is clearly out of the ordinary, uncommon, or rare because it is virtually unheard of to have a defendant in a federal

> drug conspiracy charged while he is in the middle of completing court-ordered intensive substantive abuse treatment.

*Id.* at 3-5. "For the reasons stated above, the defendant requests that he remain on pretrial release so that he can have the opportunity to successfully complete his court-ordered substance abuse treatment." *Id.* at 6.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010

WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

And, under Section 3145(c), a defendant who is compliant with his release conditions and doing everything that she should is – however commendable – not so out of the ordinary and, in that sense, "exceptional" among defendants who are on release at the time that they are found guilty as to justify an

exception to Section 3142(a)(2)'s rule of mandatory detention. *See generally United States v. Bernard*, No. 1:12-cr-00022-JAW-02, 2013 WL 145582, at *2 (D. Me. Jan. 14, 2013) ("One way of thinking about compliance with the terms of pretrial release and a lack of significant criminal history is that they make out a necessary but not sufficient showing for release under § 3145(c).").

But, here, the Court determines that Defendant's proffered reasons for continuing his release are, taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary. As Defendant's counsel persuasively explained in the motion for continued release and at the hearing, Defendant has, since the time of his arrest in this case, been successfully participating in an intensive, fixed-duration program, and detaining him pending sentencing would – in the Court's view, unnecessarily and inappropriately – derail his completion of the program in the next several months. The Court finds that this is so unique a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under Section 3145(c).

**Conclusion**

The Court finds that the totality of the facts that Defendant urges as exceptional circumstances are, taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary and in which Defendant's presentencing detention would not be appropriate, so as to justify ordering release pending sentencing under Section 3145(c). In sum, the Court

finds that Defendant Cedric Deon Garland met his burden to clearly show exceptional circumstances why he should not be detained pending sentencing – that is, exceptional reasons why his detention would not be appropriate – and to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(c).

Defendant Cedric Deon Garland is ORDERED to remain on release, subject to the Court's Order Setting Conditions of Release [Dkt. No. 476], pending his sentencing before Chief Judge Barbara M. G. Lynn.

SO ORDERED.

DATED: March 29, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE